Thomas A. Aurelio, J.
The defendants other than the defendant bank move for dismissal of the first, second, third, and fourth causes of action, for insufficiency, and for a further order, pursuant to rule 103 of the Rules of Civil Practice, striking out paragraphs 15 and 28 of the complaint.
Plaintiff had contracted to assign a lease to the defendants Ungar and Minsky, who in turn assigned their rights to the defendant Teagen Company. A payment by cash or valid certified check in the sum of $531,000 was required on closing.
In a first cause of action against the defendant Ungar, it is alleged that plaintiff did accept his certified check in the sum of $550,000 delivered to the plaintiff “asa valid certified check on behalf of the defendant The Teagen Company ”. It is further alleged that the defendant Ungar, by causing the certified check to be delivered to the plaintiff, pursuant to the terms of the contract in issue, falsely and fraudulently and with intent to deceive and defraud the plaintiff and to induce it to perform the contract and to assign the lease to the defendant Teagen Company, represented to the plaintiff that the check was a valid certified check. It is then alleged that the representation was false and in truth the check was not a valid certified check and was not honored when presented. The fact that the check was not honored does not support a claim of falsity. In the circumstances here, an allegation that the check was not a valid certified check is conclusory. Nor is there an allegation of scienter. The first cause is insufficient.
In a second cause against the defendant Ungar, it is alleged that, by reason of the delivery of the check, plaintiff did make assignment of the lease to the defendant Teagen Company. It is then alleged that it thereby became the duty of the defendant Ungar, as drawer, payee, and indorser of the check, to refrain from doing any act which would invalidate, nullify or prevent the payment of the check according to its tenor, and that the defendant Ungar caused the defendant bank to dishonor the check and otherwise prevented the payment thereof. *302 While the allegation of duty is conclusory, it is supported by the factual allegation that the defendant Ungar caused the defendant bank to dishonor the check. In the circumstances here, plaintiff is entitled to maintain the second cause to recover damages resulting from defendant’s action. Defendant could not thus offer his check and thereafter impair the consideration for the assignment with impunity. Plaintiff is not restricted to an action for the recovery of unpaid consideration from the assignee. The cause is, however, insufficient for failure to allege due performance of the contract with the consideration for which it is alleged the defendant has wrongfully interfered.
In the third cause of action against the defendant partnership, it is alleged that the certified check was dishonored, that plaintiff has failed to receive payment in full for the assignment of the lease and the defendant partnership has failed to pay a balance of the purchase price, in the sum of $25,000. The cause is sufficient.
In the fourth cause against the defendant partnership, it is alleged that the plaintiff and the defendant partnership caused to be deposited with the defendant bank the sum of $25,000, the amount of the balance of the purchase price due and owing to the plaintiff, pursuant to a letter of instruction as follows:
November 4, 1959
The Chase Manhattan Bank
73rd Street Branch
2099 Broadway
New York 23, N. Y.
Gentlemen :
There is handed to you herewith $25,000, for which you are to open an account entitled as follows: Morrissey-Hunt Corporation and the Teagen Co. In Escrow. These funds are to be held by you, subject to an Escrow Agreement to be prepared between the Morrissey-Hunt Corporation and the Teagen Co. within thirty days. It is to be understood that no disposition is to be made of these funds without the joint approval of both the Morrissey-Hunt Corporation and the Teagen Co. or their authorized representatives.
The lease had been assigned upon receipt of the certified check. It is then alleged that the defendants, without just cause, have failed and refused to enter into an escrow agreement and have failed and refused to approve to the defendant bank the transfer of the funds to the plaintiff. Equity may not require the defendants to comply with the writing of November 4, 1959, or to engage in an escrow agreement. If there has been any breach or other delinquency with respect to the writing of November 4, 1959, plaintiff is remitted to an action at law to redress the grievance.
*303 The motion is granted to the extent of dismissing the first, second and fourth causes of action for legal insufficiency and striking out paragraph 28 of the complaint, and it is in all other respects denied, with leave to plaintiff to serve an amended complaint.